HENRY HELLMAN, Respondent, *v.* KITTIE L. GUNTHER and
JULIUS KAUFMANN, Defendants, Impleaded with ISIDOR HELL-
MAN, Appellant.

SIGMUND MORITZ, Witness, Appellant.

First Department, February 9, 1917.

Deposition — practice — examination of witness before trial — service
of papers.

An order for the examination of a witness before trial will be vacated
where the papers were not served upon the attorneys for a defendant
who has appeared, or personally upon a defendant who has not
appeared, as required by section 875 of the Code of Civil Procedure.

The court has no authority to provide in the order that service upon the
witness alone shall be sufficient.

APPEAL by the defendant, Isidor Hellman, and by Sigmund
Moritz, a witness, from an order of the Supreme Court, made
at the New York Special Term and entered in the office of the
clerk of the county of New York on the 20th day of December,
1916, denying their motion to vacate an order for the examina-
tion of said Sigmund Moritz as a witness before trial.

*Henry Stern,* for the appellants.

*Irving H. Lambert,* for the respondent.

SMITH, J.:

This order must be reversed for the failure of the plaintiff to
comply with the requirements of section 875 of the Code of
Civil Procedure.  By that section it is required that a copy of
an order for the examination of a witness and of the affidavit
upon which it was granted must be served upon the attorney
for each party to the action in like manner as a paper in an
action, or if a party has not appeared in the action, they must
be served upon him as directed by the order.  Isidor Hellman,
one of these appellants, had appeared in the action.  Kittie L.
Gunther had not appeared in the action.  The papers show
that the order was not served upon the attorneys for the party
appearing or upon Kittie L. Gunther.  It appears further that

First Department, February, 1917.    [Vol. 176.

the order provided that service thereof and of the affidavit upon the witness alone should be deemed good and sufficient service. This seems to be unauthorized within the provision of the Code cited.

The order must, therefore, be reversed, with ten dollars costs and disbursements, and motion to vacate granted, with ten dollars costs, with leave, however, upon payment of said costs to apply for a new order for the examination of the witness.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to apply for new order for examination of witness on payment of said costs.